UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE E. BOULIER, II, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>DOUG BLAUVELT, et al., )<br>)<br>    Defendants ) | 1:24-cv-00250-JAW |

**RECOMMENDED DECISION ON
MOTION FOR INJUNCTION**

Plaintiff, an inmate at the Franklin County Jail, asks the Court to order his transfer to another facility. (Motion for Injunction, ECF No. 7.) According to Plaintiff, the relief is necessary because he has limited access to legal materials, and he fears retaliation by jail officials in response to complaints he has asserted. I recommend the Court deny Plaintiff's motion.

**DISCUSSION**

In his complaint, Plaintiff claims that on multiple occasions he was subjected to unlawful strip searches while in custody at the Franklin County Jail. (Complaint at 4-5, ECF No. 1.) To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[1] and (4) a fit (or lack of

---

[1] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

friction) between the injunction and the public interest."[2] *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Federal Rule of Civil Procedure 65, which governs Plaintiff's request for immediate injunctive relief, also provides in pertinent part:

> (1) The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1)(A). "The requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." *Pelletier v. Department of Corrections*, No. 1:22-cv-00260-JDL, 2022 WL 3700671, at *1 (D.Me. Aug. 26, 2022) (citations and internal quotation marks omitted).

First, Plaintiff has offered no facts, by affidavit or otherwise, that would support a finding that he would suffer immediate and irreputable harm before the opposing parties could be heard in opposition to the motion. Furthermore, Plaintiff's complaint involves a different subject matter than the matters Plaintiff seeks to address through his request for

---

[2] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

2

injunctive relief. In that way, Plaintiff has not demonstrated that he is likely to prevail on his claim against Defendants.

Even if the Court were to assess whether Plaintiff has demonstrated that he is likely to succeed on the allegations included in the motion, Plaintiff's motion fails. Plaintiff's motion filing consists of unsworn, uncorroborated allegations, which are insufficient to sustain a motion for emergency injunctive relief.

"Injunctive relief is an extraordinary and drastic remedy that is never awarded as of right." *We the People PAC v. Bellows*, 512 F. Supp. 3d 74, 87 (D.Me. 2021) (citations and internal quotation marks omitted). The Court's authority to issue preliminary injunctive relief should be used "sparingly." *Id.* (quoting *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981)). Here, Plaintiff has not established that he is likely to prevail on his claim[3] and has not established that the Court should consider the matter without proper notice to the opposition. In short, Plaintiff has not established that he is entitled to the immediate injunctive relief that he seeks.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's request for an injunction.

---

[3] Because likelihood of success on the merits is the "sine qua non" of the injunctive relief analysis, *New Comm Wireless Servs., Inc.*, 287 F.3d at 9, I discern no reason to assess the other relevant factors.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of July, 2024.