UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE BOULIER, II, | ) |
|     Plaintiff | ) ) ) |
| v. | )   1:24-cv-00250-JAW ) |
| DOUG BLAUVELT, et al., | ) ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this action, Plaintiff seeks to recover for the harm he suffered as the result of unlawful strip searches to which he was allegedly subjected while in custody at the Franklin County Jail. (Amended Complaint, ECF No. 20.) Defendants[1] move to dismiss Plaintiff's amended complaint based on Plaintiff's failure to exhaust the available administrative remedies. (Motion to Dismiss, ECF No. 26.) Plaintiff did not file an opposition to the motion.

Following a review of the record, and after consideration of Defendants' argument, I recommend the Court grant the motion and dismiss the matter.

---

[1] Plaintiff named the Franklin County Jail as a defendant. The jail facility is not a proper defendant. *See Collins v. Kennebec County Jail*, No. 1:12-cv-00069-GZS, 2012 WL 4326191, at *3 (D. Me. May 31, 2012) ("The Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building."). Perhaps recognizing that the Court might construe the amended complaint to assert claims against Franklin County, and acknowledging that Franklin County is responsible for the Sheriff's Office and thus the jail, Franklin County has moved for dismissal along with Defendant Blauvelt, the jail administrator, who is sued in his official capacity.

## DISCUSSION

Federal law requires a prisoner to exhaust the administrative remedies made available at the prison before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.") "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90–91. "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Cullinan v. Mental Health Mgmt. Corr. Servs., Inc.*, No. 11-cv-10593, 2012 WL 2178927, at *3 (D. Mass. June 11, 2012) (denying leave to amend where prisoner

alleged he submitted sick call slips and filed grievances, but those actions were not sufficient to exhaust available administrative remedies).

Here, the record establishes that the Franklin County Jail had an administrative grievance process. (*See* Policies and Procedures, Inmate Grievances, Policy No. F-160 (Rev. Feb. 5, 2001), ECF No. 26-1.)[2] The process contemplates an initial grievance to be decided by the jail administrator and, if unsuccessful, an appeal to the Department of Corrections. As Plaintiff noted in the amended complaint, Plaintiff filed a relevant grievance on July 1, 2024. (Inmate Grievance Form, ECF No. 26-2.)[3] The jail administrator denied the grievance on the day it was filed. (*Id.*) On July 12, 2024, Plaintiff filed this lawsuit.

While the Court can reasonably infer from the short time that elapsed between the date the jail administrator denied the grievance and the date Plaintiff filed this action that Plaintiff did not file an appeal to the Department of Corrections, Plaintiff's lack of objection to Defendants' motion to dismiss provides further support for such a finding. In their motion, Defendants assert that Plaintiff did not file an appeal. Plaintiff's failure to oppose the motion and challenge Defendants' assertion constitute a waiver of objection to the Defendants' motion and thus to the arguments contained in the motion. D. Me. Loc. R.

---

[2] On a motion to dismiss, a court "may augment [the pleadings] with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice". *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011). In this case, Plaintiff references the "administrative remedy process" in his amended complaint (Amended Complaint at 20), thereby acknowledging the existence of the policy, and the document is otherwise susceptible to judicial notice. *See* Fed. R. Evid. 201(b) (authorizing notice of a fact that is not subject to reasonable dispute because it is generally known within the court's jurisdiction and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

[3] The reasoning that supports the Court's consideration of the Grievance Policy on Defendants' motion to dismiss also supports the Court's consideration of the Inmate Grievance Form.

7(b);[4] *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18 (1st Cir. 2006) (affirming dismissal based on failure to object to motion to dismiss under Rule 12(b)(6)); *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 9 (1st Cir. 2002) (affirming dismissal based on failure to object to motion to dismiss under Rule 12(c)).  The record thus establishes that Plaintiff did not exhaust the available administrative remedies.  Accordingly, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss and dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of January, 2025.

---

[4] Local Rule 7(b) provides that "[u]nless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."